IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| HANNAH RYU and ELLA BOERS, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COTTON ON USA, INC.,<br><br>Defendant. | Case No. 2:25-cv-2459<br><br>**NOTICE OF REMOVAL**<br><br>[From King County Superior Court, Case No. 25-2-33108-3 SEA] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Cotton On USA, Inc. ("Cotton On") hereby removes the above-captioned putative class action from the Superior Court of Washington, King County, to the United States District Court for the Western District of Washington. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). In support of removal, Cotton On states the following:

1. On November 5, 2025, plaintiffs Hannah Ryu and Ella Boers ("Plaintiffs") filed a putative class action complaint against Cotton On in the Superior Court of Washington, County of King, captioned *Hannah Ryu and Ella Boers v. Cotton On USA, Inc.*, Case No. 25-2-33108-3 SEA (the "State Court Action").



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

2. A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint").

3. The Complaint alleges that Cotton On "spams Washington consumers, including Plaintiffs, with commercial emails whose subject lines create a false sense of urgency in consumers' minds." (*See* Compl. ¶ 4.) Plaintiffs allege that by sending emails with allegedly deceptive subject lines, Cotton On violated the Washington Commercial Electronic Mail Act, RCW 19.190.020 ("CEMA") and the Washington Consumer Protection Act, RCW 19.86.020 (the "CPA"). (*Id.* ¶¶ 126–42.)

4. Plaintiffs purport to bring the claims on behalf of a Washington class of persons, with the following proposed membership:

> All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period.

(*Id.* ¶ 115.)

5. Plaintiff does not know the number of class members but "estimate[]" that it "minimally contain[s] thousands of class members." (*Id.* ¶ 119.)

6. Plaintiffs caused the Complaint and Summons to be served on Cotton On on November 6, 2025. The parties further agreed to an extension for Cotton On to respond to the Complaint. The time for Cotton On to respond to the Complaint in the State Court Action has not expired.

7. This Notice of Removal is filed within the time prescribed under 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

8. This Court has subject matter jurisdiction over Plaintiffs' claims under the Class Action Fairness Act ("CAFA").

9. Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

10. "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).

**<u>This Is a "Class Action" With More Than 100 Putative Class Members</u>**

11. This action meets CAFA's definition of a class action, which is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12. Plaintiffs' putative class includes more than 100 members. Indeed, Plaintiffs affirmatively "estimate[]" that the class "contain[s] thousands of members." (Compl. ¶ 119.)

**<u>There Is Minimal Diversity of Citizenship</u>**

13. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

14. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiffs allege that they are both residents of Washington. (Compl. ¶¶ 10–11.) Further, all Class Members would be citizens of Washington. (*Id.* ¶ 115.)

15. For removal purposes, a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). The principal place of business is defined as the corporation's headquarters, "provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*,



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

559 U.S. 77, 93 (2010). Here, Cotton On is a Delaware corporation with its principal place of business in California. (Compl. ¶ 12.)

16. Cotton On is, therefore, a citizen of Delaware and California for purposes of CAFA and is diverse from Plaintiffs and all putative Class Members.

**The Alleged Amount in Controversy Exceeds $5,000,000**

17. The amount in controversy requirement under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

18. The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 574 U.S. at 89. When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

19. Cotton On denies the validity and merit of Plaintiffs' claim, the legal theories upon which it is based, and that Plaintiffs and the putative class are entitled to any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiffs or the putative class are entitled to damages, the aggregated claims alleged on behalf of the putative class establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

20. Plaintiffs in their Complaint allege that they "and putative class members" are entitled to "the greater of Plaintiffs' actual damages or liquidated damages of $500 per violation" of CEMA and the CPA. (Compl. ¶ 142 (emphasis added).) Plaintiffs further allege that each email that they and the putative class members allegedly received independently violates CEMA, thus constituting *per se* violations of the CPA. (*Id.* ¶¶ 113, 135.) Plaintiffs seek treble damages for each alleged violation of CEMA or the CPA. (Compl. ¶¶ 142, Prayer.)



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

21. Plaintiffs' putative class is defined to include all individuals who received "any email listed in Exhibit A" during the four-year class period. (*Id.* ¶ 115.) There are thirteen email subject lines enumerated in Exhibit A. (*Id.* Ex. A.)

22. Plaintiffs allege in their Complaint that they "estimate" that the putative class "contain[s] thousands of members." (*Id.* ¶ 119.) Moreover, because liquidated damages under CEMA accrue "per violation" rather than per claimant, if any putative class members received multiple emails, each email would independently count toward the amount in controversy. RCW 19.190.090(1).

23. Thus, while Cotton On expressly denies that it sent or caused to be sent any emails with a misleading subject line, or that it violated CEMA or the CPA in any way, if just 770 class members allege that they received the thirteen emails listed in Exhibit A—or any permutation thereof such that there were 10,000 emails allegedly received in the aggregate—statutory damages alone could exceed $5 million, satisfying the amount in controversy.

24. Moreover, Plaintiffs seek an award of their "reasonable attorney's fee[s]." (Compl. ¶¶ 142, Prayer.) Attorneys' fees are expressly authorized under the CPA. RCW 19.86.090 (authorizing recovery of reasonable attorney's fees and costs of the suit).

25. Plaintiffs' Counsel are likely to expend significant time on this matter due to nature of the claims and facts at issue, as well as the fees, briefings, and other expenditures associated with Plaintiffs' class allegations. Moreover, Plaintiffs allege that Cotton On employs third parties "to manage its email marketing campaigns," which may necessitate third-party discovery into those entities. (Compl. ¶ 103.) These costs too should be included in the amount in controversy. *See Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

26. Cotton On denies that Plaintiffs are entitled to any monetary, equitable, or other damages whatsoever, and further denies that Plaintiffs are entitled to attorneys' fees, but the



SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

potential for each form of damages alleged would elevate the amount in controversy well above the $5,000,000 CAFA statutory minimum.

**REMOVAL IS PROCEDURALLY PROPER**

27. Removal is timely because Cotton On filed this notice within thirty days of accepting service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).

28. Removal to this Court is proper because the United States District Court for the Western District of Washington embraces the location where the State Court Action was commenced and is pending—Seattle, Washington. *See* 28 U.S.C. §§ 89(b), 1441(a).

29. Cotton On submits with this notice a copy of all additional process, pleadings, and orders in the state court record and served upon it in this action via the separate Verification of State Court Records filed herewith. *See* 28 U.S.C. § 1446(a) and LCR 101(c).

30. Cotton On will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

31. Cotton On will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of Washington in and for the County of King in accordance with 28 U.S.C. § 1446(d).

DATED this 4th day of December 2025.

SEBRIS BUSTO JAMES

s/ Jeffrey A. James
Jeffrey A. James, WSBA #18277
15375 SE 30th Place, Suite 310
Bellevue, Washington 98007
(425) 454-4233
jjames@sbj.law

*Counsel for Defendant*