Honorable Judge Lauren King

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| HANNAH RYU and ELLA BOERS, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COTTON ON USA, INC.,<br><br>Defendant. | Case No.: 2:25-cv-02459-LK<br><br>RESPONSE TO MOTION TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br>March 9, 2026 |

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – i

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

## TABLE OF CONTENTS

FACTUAL & PROCEDURAL BACKGROUND ................................................................................1

ARGUMENT .............................................................................................................................3

STANDARD OF REVIEW ........................................................................................................3

    I.      Rule 9(b) Does Not Apply To This Case. ..............................................................4

    II.     The CAN-SPAM Act Does Not Preempt CEMA. ................................................6

    III.    Plaintiffs State a Claim under CEMA with Particularity. ...................................12

    IV.    Defendant's Remaining Arguments Lack Merit. ..................................................17

CONCLUSION ........................................................................................................................17

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Agnew v. Macy's*,
    Case No. 2:25-cv-02006-JHC (W.D. Wa.), D.E. 22 (Feb. 3, 2026) ........................................11

*Andrews v. Conversion Squared Corp.*,
    2020 WL 3978063 (C.D. Cal. May 8, 2020) ...............................................................................7

*Asis Internet Servs. v. Consumerbargaingiveaways, LLC*,
    622 F. Supp. 2d 935 (N.D. Cal. 2009) ........................................................................................8

*Asis Internet Servs. v. Subscriberbase Inc.*,
    No. 09-3503 SC, 2009 WL 4723338 (N.D. Cal. Dec. 4, 2009) ...................................................8

*Asis Internet Servs. v. Vistaprint USA, Inc.*,
    617 F. Supp. 2d 989 (N.D. Cal. 2009) ........................................................................................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................................3

*In re California Bail Bond Antitrust Litig.*,
    511 F. Supp. 3d 1031 (N.D. Cal. 2021) ...................................................................................14

*Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*,
    567 P.3d 38 (Wash. 2025)..............................................................................................1, 10, 14

*Concha v. London*,
    62 F.3d 1493 (9th Cir. 1995) ......................................................................................................5

*Ferguson v. Quinstreet, Inc.*,
    2008 WL 3166307 (W.D. Wash. Aug. 5, 2008), *aff'd*, 348 F. App'x 255 (9th
    Cir. 2009) ....................................................................................................................................8

*Fingles v. Cont'l Cas. Co.*,
    No. CIV.A.08-05943, 2010 WL 1718289 (E.D. Pa. Apr. 28, 2010) ..........................................4

*Gordon v. Impulse Mktg. Grp., Inc.*,
    375 F. Supp. 2d 1040 (E.D. Wash. 2005) ...................................................................................8

*Gordon v. Virtumundo, Inc.*,
    575 F.3d 1040 (9th Cir. 2009) .......................................................................................6, 7, 8, 11

*Guardant Health, Inc. v. Natera, Inc.*,
    580 F. Supp. 3d 691 (N.D. Cal. 2022) ..................................................................................3, 17

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – iii

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

*Hamilton v. Palm*,
621 F.3d 816 (8th Cir. 2010) ...................................................................................16

*Happy Inv. Grp. v. Lakeworld Props., Inc.*,
396 F. Supp. 175 (N.D. Cal. 1975) ..........................................................................11

*Harbers v. Eddie Bauer, LLC*,
415 F. Supp. 3d 999 (W.D. Wash. 2019)..............................................................10, 17

*Harrington v. Vineyard Vines, LLC*,
__ F. Supp. 3d __, 2025 WL 3677479 (W.D. Wash. Dec. 18, 2025) .............................6, 8, 13

*Ho v. Garland*,
106 F.4th 47 (D.C. Cir. 2024) .................................................................................15

*Hughes v. Nw. Univ.*,
63 F.4th 615 (7th Cir. 2023) ...................................................................................15

*Hutchins v. HP Inc.*,
737 F. Supp. 3d 851 (N.D. Cal. 2024) ......................................................................11

*Kempf v. Fullbeauty Brands*,
No. C25-1141 TSZ, 2026 WL 395677 (W.D. Wash. Feb. 12, 2026)...........................6, 12, 16

*Kennedy v. Venrock Assocs.*,
348 F.3d 584 (7th Cir. 2003) ....................................................................................4

*Kousisis v. United States*,
145 S. Ct. 1382 (2025).........................................................................................9, 10

*Leonard v. McMenamins Inc.*,
No. C22-0094-KKE, 2024 WL 4188974 (W.D. Wash. Sept. 13, 2024) ...........................10

*Littlejohn v. Kaiser Found. Health Plan of Washington*,
No. 3:23-CV-06194-TMC, 2024 WL 4451955 (W.D. Wash. Oct. 9, 2024).......................15

*Ma v. Nike*,
2026 WL 100731 ......................................................................................5, 6, 8, 11

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008) ...................................................................................3

*Montes v. Catalyst Brands LLC*,
No. 2:25-CV-0281-TOR, 2025 WL 3485827 (E.D. Wash. Dec. 4, 2025) .......................10, 11

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ................................................................................3, 15

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – iv

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

*Okanogan Highlands All. v. Crown Res. Corp.*,
    492 F. Supp. 3d 1149 (E.D. Wash. 2020) ..............................................14, 15, 16

*Panag v. Farmers Ins. Co. of Washington*,
    204 P.3d 885 (Wash. 2009)..............................................................................13

*Polo v. Innoventions Int'l, LLC*,
    833 F.3d 1193 (9th Cir. 2016) .........................................................................11

*Sams v. Yahoo! Inc.*,
    713 F.3d 1175 (9th Cir. 2013) ...........................................................................9

*Shapur v. Ulta*,
    Case No. 2:25-cv-00284-RLP (E.D. Wa.) (Feb. 3, 2026) ..............................11

*Shoultz v. Derrick*,
    369 F. Supp. 3d 1120 (D. Or. 2019) ................................................................16

*Silverstein v. Keynetics Inc.*,
    2016 WL 7475616 (N.D. Cal. Dec. 29, 2016), *aff'd*, 727 F. App'x 244 (9th
    Cir. Mar. 6, 2018) ..............................................................................................7

*Smith v. Anastasia Inc.*,
    2014 WL 12577598 (S.D. Cal. Sept. 15, 2014)..................................................8

*State v. Heckel*,
    24 P.3d 404 (Wash. 2001) (*en banc*) ...........................................................7, 17

*U.S. Commodity Futures Trading Comm'n v. Monex Cred. Co.*,
    931 F.3d 966 (9th Cir. 2018) .............................................................................9

*Ebeid ex rel. U.S. v. Lungwitz*,
    616 F.3d 993 (9th Cir. 2010) .............................................................................5

*United States v. S. California Edison Co.*,
    300 F. Supp. 2d 964 (E.D. Cal. 2004)..............................................................11

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ...........................................................................4

*Wagner v. Spire Vision*,
    2014 WL 889483 (N.D. Cal. Mar. 3, 2014)........................................................8

*Wright v. Lyft, Inc.*,
    406 P.3d 1149 (Wash. 2017) (*en banc*) .......................................................5, 10

*Young v. Toyota Motor Sales, U.S.A.*,
    442 P.3d 5 (Wash. Ct. App. 2019).....................................................................13

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – v

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

**Statutes**

15 U.S.C. § 7707(b)(1) ....................................................................................................6, 7, 8

28 U.S.C. § 1447(c) ............................................................................................................11

CAN-SPAM Act ................................................................................................................6, 7

Commercial Electronic Mail Act, Wash. Rev. Code Ann. § 19.190.020 ............................. *passim*

CPA.................................................................................................................................5, 10, 17

RCW 19.190.030 ...............................................................................................................17

RCW 19.190.040 ...............................................................................................................10

Wash. Rev. Code Ann. § 19.190.020.................................................................................12

Wash. Rev. Code Ann. § 19.190.030.................................................................................17

Washington's Consumer Protection Act, Wash. Rev. Code Ann. § 19.86.020.............................4

**Other Authorities**

5C Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1363 (3d ed.) ....................15

Rule 9(b) .........................................................................................................................4, 5, 15, 16

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

This case is about deceptive email marketing communications that violate state law. Raising arguments that have been rejected numerous times by other courts, Defendant Cotton On USA, Inc. ("Cotton On") has filed a Motion to Dismiss this well pled complaint. D.E. 19. Plaintiffs Hannah Ryu and Ella Boers ("Plaintiffs") respectfully submit their opposition. No federal law preempts CEMA, Plaintiffs' claims are properly pled, and this case should proceed.

**FACTUAL & PROCEDURAL BACKGROUND**

Cotton On violated the Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code Ann. § 19.190.020, by sending commercial emails with misleading subject lines to consumers, including Plaintiffs. D.E. 1-3 at ¶¶ 3–7, 109–114. CEMA protects Washington residents from commercial emails with any false or misleading information in the subject lines. *See generally Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46–47 (Wash. 2025). Cotton On engages in this practice of sending false time scarcity emails, which extend promotions beyond the dates originally referenced in earlier promotions. D.E. 1-3 at ¶¶ 37–44. Time scarcity promotions carry effective psychological resonance because they tap into consumers' desire not to miss deals. D.E. 1-3 at ¶¶ 32–39.

Cotton On's spam tactics not only fill consumers' inboxes with junk mail but with promotional subject headings that falsely state when sales are ending. The Complaint exhaustively catalogues examples of this conduct, but a few examples are particularly poignant. In November 2024, Cotton on sent an email to consumers with the subject heading "Final hours. 30% off sitewide ⏰ [.]" D.E. 1-3 at ¶ 83. But it was not the final hours for this promotion. One week later, Cotton On sent another email with the subject heading: "30% off 🛒 NOW INSTORE & ONLINE[.]" D.E. 1-3 at ¶ 85. The information contained in the subject heading of the first email was false, as the subject heading of the second email confirms.

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 1

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

Cotton On has been using these tactics for years. In November 2022, Cotton On transmitted an email to consumers with the subject heading: "LAST CHANCE FAM | 30-70% OFF SITEWIDE ⏳ [.]" D.E. 1-3 at ¶ 51. But it was not consumers' last chance to obtain this offer. Two days after transmitting that email, Cotton on sent another email with the subject heading: "Typo Frenzy 30%-70% OFF SITEWIDE 🛒 🏃 [.]" D.E. 1-3 at ¶ 53. The initial email, transmitting its message with an hourglass emoji in the subject heading to heighten its urgency, was false. Mere days later, Defendant was transmitting the exact promotion that it said was ending imminently with the hourglass counting down time. All this is a scheme that Cotton On orchestrates to gin up consumer urgency with fake information Defendant knows is false. D.E. 1-3 at ¶¶ 40–41, 43–44, 54, 97.

This is not simply clever marketing or an innocent business practice – this is a calculated attempt to sway consumer behavior based on information the retailer knows to be wrong. Cotton On fed consumers false information likely to make them act quicker to obtain a certain deal. The information in the subject line of the first email is not mere puffery or a clever ad out of *Mad Men* – it is a deceptive and false strategy to increase Cotton On's bottom line to the detriment of its customers. This scheme exploits consumers' psychological tendencies to react to scarcity and act faster to buy products. The Washington legislature created a remedy for such conduct decades ago, and Plaintiffs seek relief under that law.

Cotton On notes that the terms of its promotions are contained in the body of the promotional emails it sends. D.E. 19 at 5. First, CEMA is concerned with the content of subject lines, Wash. Rev. Code Ann. § 19.190.020, not the terms and conditions that Cotton On crams into the tiny text at the bottom of its emails. Second, Cotton on cannot claim that its fine print provides "clarifying information," D.E. 19 at 5, when it uses that very text to further its scheme. For

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 2

STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

example, the August 25, 2025, email received by Plaintiff Boers included fine print stating that the 30% off pajama offer referenced in the subject line would end on August 27, 2025. D.E. 1-3 at ¶ 88. If Cotton On intended to provide consumers with clarity around its pricing, it would have told them that the same opportunity would be available the very next day, on August 28, 2025. The "terms" that Cotton On includes in its marketing emails are as misleading as its subject lines. Rather than cure Cotton On's deceptive marketing strategy, the "terms" simply perpetuate it.

Plaintiffs sought relief in state court on November 5, 2025. D.E. 1-3 at 2. On December 4, 2025, Cotton On invoked the jurisdiction of this Court and removed the case. D.E. 1. On January 15, 2026, following stipulated extension, Cotton on filed the instant Motion to Dismiss. D.E. 19.

## ARGUMENT

Cotton On's Motion to Dismiss is rife with asides and arguments that have been rejected by other courts. CEMA is not preempted, as multiple courts in recent months have found. Cotton On crows that it should not be liable for damages under this regime. But Cotton On's quarrel is really with the statute written by the Washington state legislature. This case should proceed.

## STANDARD OF REVIEW

Rule 8(a)(2) requires only a short and plain statement of the claim giving "the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). All reasonable inferences are to be drawn in the pleader's favor. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *Guardant Health, Inc. v. Natera, Inc.*, 580 F. Supp. 3d 691, 702 (N.D. Cal. 2022).

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 3

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

## I.  Rule 9(b) Does Not Apply To This Case.

Cotton On first argues that the Complaint must satisfy Rule 9(b) because it is "grounded in fraud." D.E. 19 at 7. Not every case concerned with deception implicates Rule 9(b). *See generally Kennedy v. Venrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003) ("Rule 9(b) is strictly construed; it applies to fraud and mistake and nothing else."); *Fingles v. Cont'l Cas. Co.*, No. CIV.A.08-05943, 2010 WL 1718289, at *7 (E.D. Pa. Apr. 28, 2010) ("From a procedural standpoint, Rule 9(b) is not implicated by allegations of deceptive conduct."). This is a case involving solely statutory claims; there is no fraud claim in this Complaint. Count One is pled under CEMA, Wash. Rev. Code Ann. § 19.190.020, and Count Two is pled under Washington's Consumer Protection Act, Wash. Rev. Code Ann. § 19.86.020. D.E. 1-3 at ¶¶ 126–142.

The familiar particularity provision of Rule 9(b) requires plaintiffs to plead "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotations omitted). This is not a complex healthcare fraud matter under the False Claims Act. The rule applies when "alleging fraud" to "the circumstances constituting fraud." Fed. R. Civ. P. 9(b). But, as explained above, Plaintiffs need not and do not allege fraud. Instead, Plaintiffs merely have to allege "falsity" or "deception."

Even presuming that Rule 9 applies here (it does not), the Complaint readily clears Rule 9(b)'s bar because it sufficiently alleges the necessary particulars:

*Who*: Cotton On USA, Inc., *See, e.g.*, D.E. 1-3 at ¶¶ 12, 42.

*What*: Created false senses of urgency and time pressure to induce Plaintiffs and others to buy its products immediately. *See, e.g., id.* ¶¶ 40, 41, 43, 71.

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 4

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

*When*: on dates that include November 3, 2024, August 25, 2025, and September 21, 2025, as to Plaintiffs, *id.* at ¶¶ 110, 111, 112, and on numerous specified dates, as to putative class members. *Id.* at ¶¶ 41–98.

*Where*: Minimally, at Plaintiffs' email account, *id.* at ¶¶ 110–112, and on specific dates, as to putative class members' accounts. *Id.* at ¶¶ 41–98.

*How*: By email subject lines containing identified false statements of fact as to the duration and availability of a promotion. *Id.* at ¶¶ 41–98.

It is hard to imagine what is missing from this whodunit.

Cotton On's knowledge is a perfectly reasonable inference from the pleadings that, as a "sophisticated commercial enterprise" it engaged in a "scheme to compel consumers to purchase its products," and "lur[e] in consumers through urgent subject headings in emails that do not reflect the true availability of the advertised deal." D.E. 1-3 at ¶¶ 41, 99.[1] In any event, Plaintiffs' claims under CEMA or the CPA do not require intent. *See Wright v. Lyft, Inc.*, 406 P.3d 1149, 1153–55 (Wash. 2017) (*en banc*) (delineating elements of CPA and CEMA claims, none requiring intent).

Plaintiffs have met the Rule 9(b) requirement of providing "enough detail to give [defendant] notice of the particular misconduct which is alleged to constitute the fraud [ ] so that [it] can defend against the charge and not just deny that [it has] done anything wrong") (citation omitted). *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010). Nothing more is required. In short, Rule 9(b) doesn't apply here. If it does, it is satisfied. *Cf. Ma v. Nike*, 2026 WL 100731, at *4 (finding that similar CEMA complaint satisfied Rule 9(b) in any event).

---

[1] *See, e.g.*, *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995) ("Plaintiffs may fairly be expected to identify with specificity the defendant's alleged misrepresentations, though they are not expected to plead with specificity the defendant's state of mind"; Rule 9(b) imposes pleading requirements regarding "facts surrounding alleged acts of fraud to which they can reasonably be expected to have access").

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 5

## II.    The CAN-SPAM Act Does Not Preempt CEMA.

The bulk of Cotton On's brief is devoted to arguing that CEMA is preempted by a federal law called CAN-SPAM. D.E. 19 at 8–12. But Cotton On fails to acknowledge that this Court has rejected this argument no less than three times in recent months. *See Kempf v. Fullbeauty Brands*, No. C25-1141 TSZ, 2026 WL 395677, at *5 (W.D. Wash. Feb. 12, 2026) (finding that "plaintiff's CEMA claim is well pleaded and not preempted by federal law"); *Ma v. Nike, Inc.*, No. 2:25-cv-01235-JLR, __ F. Supp. 3d __, 2026 WL 100731, at *3 (W.D. Wash. Jan. 14, 2026) (holding similar claims were not preempted); *Harrington v. Vineyard Vines, LLC*, __ F. Supp. 3d __, 2025 WL 3677479, at *1 (W.D. Wash. Dec. 18, 2025) ("The provision of CEMA on which plaintiffs' claims are premised is not preempted by CAN-SPAM."). Cotton On raises the same arguments those cases rejected. This caselaw is recent and on point, and this Court need look no further to resolve this aspect of Cotton On's motion. All three of these cases develop and apply the law as articulated by the Ninth Circuit in *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009).

CAN-SPAM expressly does not preempt state laws that "prohibit[] falsity *or* deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1) (emphasis added). That is CEMA to a tee. *See* Wash. Rev. Code Ann. § 19.190.020 (addressing commercial emails that "[c]ontain[] false or misleading information in the subject line."). Cotton On spends pages and pages relaying its already-rejected theory of preemption, but this Court need look no further than the language of these two laws side by side to conclude that CAN-SPAM expressly left laws like the section of CEMA at issue here untouched.

*Virtumundo* involved CEMA's "point of origin" provision, which prohibits "misrepresent[ing] or obscur[ing] any information in identifying the point of origin or the transmission path" of commercial email. RCW § 19.190.020(1)(a); *see Virtumundo*, 575 F.3d at

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 6

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

1058. CAN-SPAM, by contrast, as interpreted in light of its text, structure, and purpose, *see id.* at 1061, does not authorize liability for "bare immaterial error," *id.* (quoting *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 359 (4th Cir. 2006)), or "immaterial inaccuracies or omissions." *Id.* at 1062. Under this materiality standard, Gordon's claims were preempted. The Ninth Circuit found "nothing inherently deceptive" about "fanciful" domain names challenged by the plaintiff, *Gordon*, 575 F.3d at 1062, 1064, and it rejected an inapposite argument that a defendant's or a client's full name must "expressly appear" in "from" fields. *Id.*

District courts apply *Virtumundo* according to its terms: where plaintiffs plead only "nondeceptive statements or omissions," then their claims are preempted. *See, e.g.*, *Andrews v. Conversion Squared Corp.*, 2020 WL 3978063, at *2–3 (C.D. Cal. May 8, 2020) ("Plaintiffs do not really allege deception, period, instead taking issue with a variety of missing information" in "from" fields.). Plaintiffs seeking to avoid preemption need only show some degree of materiality. *See Silverstein v. Keynetics Inc.*, 2016 WL 7475616, at *3–4 (N.D. Cal. Dec. 29, 2016) ("Although Plaintiff alleges that the email headers include false 'from' names," that is, fictitious names like "Liana Christian," "those names are not materially deceptive."), *aff'd*, 727 F. App'x 244, 246 (9th Cir. Mar. 6, 2018) ("The e-mails' use of the LinkedIn.com domain name is not materially false or misleading within the meaning of the CAN-SPAM Act."). To merit preemption, a defendant under *Virtumundo* has to show it didn't do anything *wrong*, in light of the state standard to be applied to its conduct, viewed against the backdrop of what has traditionally been considered wrongful. *State v. Heckel*, 24 P.3d 404, 411 (Wash. 2001) (*en banc*) (requirement of truthfulness).

Court after court before and after the Ninth Circuit's decision in *Virtumundo* has concluded: statutory and common law claims that attack "falsity and deception" (15 U.S.C.

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 7

§ 7707(b)(1)) broadly in commercial email are not preempted.[2] The question in *Virtumundo* was "[w]hether the exception language of § 7707(b) permits states to prohibit e-mail activity that is *not* unfair or deceptive." 575 F.3d at 1062 n.21. Unsurprisingly, the court's answer was no.

The conclusions reached by *Harrington* and *Nike*, 2025 WL 3677479, at *1; 2026 WL 100731, at *3, dovetail with *Virtumundo* and the plain language of CAN-SPAM, which expressly allows state law to address "falsity or deception" in commercial electronic mail messages. 15 U.S.C. § 7707(b)(1). That is precisely what CEMA does. Wash. Rev. Code Ann. § 19.190.020. Thus, this case is not preempted. *Harrington*, 2025 WL 3677479, at *1 ("Because CEMA's subject-line provision forbids only false or misleading information (*i.e.*, 'falsity or deception'), it is not preempted by CAN-SPAM."); *Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307, at *9 (W.D. Wash. Aug. 5, 2008), *aff'd*, 348 F. App'x 255 (9th Cir. 2009) ("[W]hile *claims actually alleging falsity or deception under CEMA would not be preempted*, Plaintiff's claims here-for at best incomplete or less than comprehensive information-are for immaterial errors that may not be litigated under state law.") (emphasis added); *Gordon v. Impulse Mktg. Grp., Inc.*, 375 F. Supp. 2d 1040, 1045–46 (E.D. Wash. 2005) ("[] Washington's Commercial Electronic Mail Act is excepted from federal preemption because it prohibits 'falsity and deception'"). Following 15 U.S.C. § 7707(b)(1), preemption does not apply here because this case concerns falsity and deception. *E.g.*, D.E. 1-3 at ¶¶ 4–7, 40–41, 65, 71, 76, 97–98.

Cotton On asserts that Plaintiffs cannot allege materiality because they cannot show the subject lines were material to him. D.E. 19 at 9. Plaintiffs are consumers susceptible to the

---

[2] *See, e.g.*, *Asis Internet Servs. v. Subscriberbase Inc.*, No. 09-3503 SC, 2009 WL 4723338, at *3–4 (N.D. Cal. Dec. 4, 2009); *Asis Internet Servs. v. Vistaprint USA, Inc.*, 617 F. Supp. 2d 989, 993 (N.D. Cal. 2009); *Asis Internet Servs. v. Consumerbargaingiveaways, LLC*, 622 F. Supp. 2d 935, 944 (N.D. Cal. 2009); *Smith v. Anastasia Inc.*, 2014 WL 12577598, at *2–3 (S.D. Cal. Sept. 15, 2014); *Wagner v. Spire Vision*, 2014 WL 889483, at *3–4 (N.D. Cal. Mar. 3, 2014).

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 8

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

deceptive strategies Cotton On employs. D.E. 1-3 at ¶¶ 4, 6, 16, 20–22, 33–43, 109–114. Plaintiffs are consumers. So, materiality is alleged. But Cotton On's misplaced argument gets the pleading burdens backwards. It is not Plaintiffs' burden to anticipate, refute, or "plead around" Cotton On's affirmative defense. *U.S. Commodity Futures Trading Comm'n v. Monex Cred. Co.*, 931 F.3d 966, 972 (9th Cir. 2018). Having elected to raise its CAN-SPAM defense under Rule 12(b)(6), it is *Defendant's* burden to show that it is "apparent from the face" of Plaintiffs' Complaint that Cotton On is entitled to dismissal. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013).

In any event, Cotton On's argument confounds materiality and reliance. In assessing the former, the question is not whether Plaintiffs changed their behavior in response to any particular email, but whether Cotton On's misrepresentations would have an "effect on the *likely* … behavior" of its recipients. *Kousisis v. United States*, 145 S. Ct. 1382, 1396 (2025) (emphasis added) (applying wire fraud statute); *see also id.* ("[A] misrepresentation is material if a reasonable person *would attach* importance to it in deciding how to proceed, or if the defendant knew (or should have known) that the recipient *would likely* deem it important." (emphasis added)). So, Plaintiffs' perspectives add little to the analysis the Supreme Court has said applies. Cotton On also baldly suggests that this case attempts to "weaponize CEMA." D.E. 19 at 9. It is not "weaponizing" (nor is it improper) to seek relief under a law that has been on the books for decades.

Cotton On suggests that Plaintiffs do not allege Cotton On omitted material facts. D.E. 19 at 10. Representations about the timing and availability of sales, discounts, and other special offers are, at bottom, representations about *prices*. If a 50 percent discount on a $20 product "ends tonight," that product costs $10 today and $20 tomorrow. And price is obviously a material fact—perhaps *the* material fact—affecting the behavior of ordinary consumers. D.E. 1-3 at ¶ 33. If a consumer is in the market for a product she believes will cost $20 tomorrow, she will naturally

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 9

"attach importance," *Kousisis*, 145 S. Ct. at 1396, to the fact that it will cost only $10 if she buys it today. *Cf. also Old Navy*, 567 P.3d 38, 47 ("Mere puffery is contrasted by representations of fact—like the duration or availability of a promotion, its terms and nature, the cost of goods, and other facts Washington residents would depend on in making their consumer decisions.").

Cotton On's real quarrel is with the statute that the Washington legislature wrote rather than the substance of this claim. Cotton On crows that it should not be subject to "extensive statutory damages" on "long-expired promotions." D.E. 19 at 11. Then, Cotton On makes the bald and overly broad statement that claims under Washington tort law require proof of a cognizable injury from the challenged conduct. *Id.* Cited for this broad proposition is *Leonard v. McMenamins Inc.*, No. C22-0094-KKE, 2024 WL 4188974, at *10 (W.D. Wash. Sept. 13, 2024), a data breach matter where counsel for Plaintiffs was counsel of record. This case is wholly inapposite here, and defense counsel apparently chose to cite it to needle rather than to offer any substantive argument. And the Supreme Court of Washington has said: "CEMA does not require a showing of [actual] injury for statutory damages to be awarded *because the injury is receiving the e-mail that violates CEMA*." *Brown*, 4 Wash. 3d at 592 (emphasis added); *see also Wright*, 406 P.3d at 1155 ("We conclude that RCW 19.190.040 establishes the injury and causation elements of a CPA claim as a matter of law.").

Then, after attempting to distinguish *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999 (W.D. Wash. 2019), Cotton On turns to an inapposite case called *Montes* to argue that Plaintiffs are not alleging the emails here were unsolicited or unwanted. *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827 (E.D. Wash. Dec. 4, 2025).[3] Unfortunately for Cotton

---

[3] In *Montes*, the Eastern District of Washington stated: "The Court fails to see how receiving an email with a misleading or false subject line harmed Plaintiff in a concrete manner that would rise to the level required for standing." 2025 WL 3485827, at *3. The Court dismissed on this jurisdictional basis. The *Montes* case should not

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 10

On, a consumer's consent to receive emails does not provide retailers with a license to lie. Further, as the Complaint expressly states, CEMA's protections do not rest on whether any email was solicited or not. D.E. 1-3 at ¶ 28.

CEMA protects consumers from unwanted spam with false or misleading information. Cotton On may not like that the Washington legislature articulated a remedy for this kind of injury, but it has. Its reading of *Virtumundo* has been rejected. *Nike*, 2026 WL 100731, at *2–3. CEMA was passed in the late 1990s, and CAN-SPAM has been law since the early 2000s. Is it likelier that two laws mutually on the books for more than two decades suffer from fatal but unnoticed preemption flaws, or is it likelier that *this* defendant does not want to be liable under CEMA today?

Finally, the Attorney General of Washington has recently taken the position in other cases that CAN-SPAM does not preempt CEMA. *See, e.g.*, *Shapur v. Ulta*, Case No. 2:25-cv-00284-RLP (E.D. Wa.), D.E. 51 (Feb. 3, 2026); *Agnew v. Macy's*, Case No. 2:25-cv-02006-JHC (W.D. Wa.), D.E. 22 (Feb. 3, 2026). Plaintiffs respectfully request that this Court take judicial notice of the briefs filed by the Attorney General in those cases. *Happy Inv. Grp. v. Lakeworld Props., Inc.*, 396 F. Supp. 175, 183 n.6 (N.D. Cal. 1975) (finding brief by attorney general was susceptible to judicial notice as matter of public record); *see also Hutchins v. HP Inc.*, 737 F. Supp. 3d 851, 858 (N.D. Cal. 2024) (judicial notice of government briefs appropriate); *United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004) (judicial notice of publicly available documents appropriate).

---

persuade. First, the Court dismissed the case without prejudice for lack of standing, *id.* at *4, ignoring 28 U.S.C. § 1447(c) (mandatory remand removed case is dismissed for lack of jurisdiction). Cotton On does not appear to challenge jurisdiction here. D.E. 19 at 7 (referencing only Rules 12(b)(6) and 9(b) rather than 12(b)(1)). But even if jurisdiction was problematic here, a remand to state court would be the sole remedy. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 11

### III.    Plaintiffs State a Claim under CEMA with Particularity.

Cotton On next avers that Plaintiffs have failed to state an adequate claim under CEMA. D.E. 19 at 12. These claims are well stated and arguments like Cotton On's have been rejected in recent court opinions on very similar facts. *Kempf*, 2026 WL 395677, at *3–4 (rejecting similar arguments regarding knowledge of Plaintiff's residency and falsity of subject lines). CEMA is not a fraud statute – it prohibits companies from sending commercial emails with deceptive subject headings. Wash. Rev. Code Ann. § 19.190.020(1). That is precisely what Plaintiffs have alleged here. But Cotton On nitpicks and presents three invented reasons that Plaintiffs' claims do not properly allege a CEMA violation: Plaintiffs didn't receive "all" the emails, the emails were not misleading, and Cotton On did not know Plaintiffs were Washington residents. D.E. 19 at 12–17. The first issue (receiving "all" the emails) does not matter; the second issue (were the emails misleading?) has been pled (yes, they were) and regardless, should not be resolved at this stage; and the third issue (knowledge) is more than sufficiently alleged. Cotton On's arguments are weak sauce.

Cotton On first complains that Plaintiffs cannot seek relief on emails they did not receive. D.E. 19 at 13. This is a putative class action alleging a coordinated campaign and scheme to deceive consumers by a sophisticated commercial enterprise. *E.g.*, D.E. 1-3 at ¶¶ 4, 40, 43, 97, 99, 109. Plaintiffs explicitly allege in the Complaint that the emails discussed were *examples* of the scheme by which Cotton On violates CEMA. D.E. 1-3 at ¶¶ 41, 43, 54, 98. Discovery should reveal the universe of deceptive marketing emails that Cotton On sent to Plaintiffs. Further, a single email transmitted with "false or misleading information in the subject line" violates CEMA. The law does not require a "campaign" of marketing emails or a "gaggle" (or other fixed number) of emails to trigger liability. Instead, CEMA explicitly uses the phrase "**a** commercial email." Wash. Rev.

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 12

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

Code Ann. § 19.190.020(1) (emphasis added). Even if Plaintiffs cannot recover for emails they did not receive, their receipt of substantively similar emails is illustrative of how Cotton One's deceptive practices might inform treatment of a class that includes them. Nor can Cotton On preemptively curtail the cognizable claims of unnamed, putative members by requiring Plaintiffs to plead only those emails that it dumped into their inboxes. This case is not solely about the emails Plaintiffs happened to save in their inbox. Ultimately, Cotton On is improperly raising a damages question here that has no relevance to whether the pleadings are sufficient.

Next, Cotton On argues that Plaintiffs fail to allege that any email they received contained misleading information. D.E. 19 at 13. That is nonsense – the operative complaint exhaustively catalogues how each and every *example* email is deceptive. D.E. 1-3 at ¶¶ 41–98. In a series of identical footnotes, Defendant needles that certain Plaintiffs did not actually receive or see certain emails. Pleading *examples* of a scheme to which Plaintiffs were subject is not prohibited. Cotton On characterizes its subject headings as "objectively true." D.E. 19 at 15. Arguing that information contained within a subject heading is "actually true" should tip the Court off that Cotton On is using the wrong standard on a Rule 12 motion. Whether a representation about the end date of a promotion was true or false should be conclusively answered after (not before) discovery. And in any event, a statement does not need to be literally false to be actionably misleading if it is "likely to mislead a reasonable consumer." *Young v. Toyota Motor Sales, U.S.A.*, 442 P.3d 5, 9 (Wash. Ct. App. 2019) (internal quotation marks omitted); *see also Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 895 (Wash. 2009) (explaining that a communication may be misleading by virtue of the net impression conveyed). Whether a representation is false or misleading is a question of fact unsuited for a motion to dismiss. *See Harrington*, 2025 WL 3677479, at *1 n.3 ("Whether a statement is false or misleading is, however, a question of fact.") (denying motion to

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 13

dismiss CEMA claims); *see also In re California Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1045 (N.D. Cal. 2021) ("Whether a statement is misleading, however, is a question of fact that should not be resolved on a motion to dismiss.") (analyzing issue under Ninth Circuit caselaw). This question should not be resolved now.

Cotton On's analysis of its own emails is also wrong on its face. Cotton On claims that its promotions were distinct and unique. D.E. 19 at 15. How can a promotion be "unique" if it comes back around the very next day? Offering similar promotions periodically may not violate CEMA— but *lying* about the deadline of a promotion does. *Brown*, 4 Wash. 3d at 596 (CEMA violation where subject line misleads consumers about "*the duration or availability* of a promotion" (emphasis added)). And that is exactly what the Complaint alleges Cotton On is doing. D.E. 1-3 at ¶¶ 4–7. The allegation with these emails is that Cotton On is ginning up urgency where there is none—it is not a consumer's "last chance" or last day to obtain a certain promotion. D.E. 1-3 at ¶¶ 51–54. Saying that the promotion is ending "today," when it is not, is a falsehood. Is the ordinary consumer supposed to be omniscient, having knowledge that a promotion with similar terms offered a few days later is actually a *different* promotion? Of course not.[4] There is enough in this pleading to satisfy Rule 8. Deciding to end a promotion may be a wise or inadvisable business approach. CEMA is agnostic to that choice. It addresses when companies sending commercial emails make false or misleading statements in advertising those promotions.

---

[4] The standard on a motion to dismiss is not that of an educated consumer or a consumer who has knowledge of *all* Cotton On's promotions (and indeed, its marketing strategy). This is a case about deceptive commercial emails designed to draw the attention of an ordinary consumer amidst the cacophony of emails most consumers receive on a day-to-day basis. CEMA is violated the moment a commercial email with false information in the subject line is sent. A sender of such deceptive emails is not absolved by other emails that demonstrate that the first email is actually a recurring sale with similar terms rather than a sale that is, as the first email clearly says, ending imminently (when it is not).

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 14

Finally, Cotton On asserts that Plaintiff insufficiently alleges Cotton On's knowledge that its emails were going to Washington residents. D.E. 19 at 16. Cotton On's repeated invocations of Rule 9(b) do not make it any more applicable to this case, as explained above. Cotton On also engages in speculative gaslighting, stating: "But Cotton On sending marketing emails to a wide array of customers who sign up using only their email address makes it *less* plausible that it would have reason to know the location of any particular customer." D.E. 19 at 16 (emphasis in original).

The use of the words "less plausible" should telegraph to the Court that Cotton On's argument is misplaced. "Plausible alternative explanations" are not fodder for Rule 12 motions, where the Court must draw all inferences in favor of the Plaintiff—not Cotton On. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *Littlejohn v. Kaiser Found. Health Plan of Washington*, No. 3:23-CV-06194-TMC, 2024 WL 4451955, at *3 (W.D. Wash. Oct. 9, 2024); 5C Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1363 (3d ed.) ("The general rule articulated in countless judicial opinions and noted in the notes to the discussion above is that *all* reasonable factual inferences will be drawn to aid the pleader and ambiguities will be resolved in the pleader's favor.") (emphasis added). And in any event, the Complaint explicitly alleges that Cotton On is a sophisticated business enterprise. D.E. 1-3 at ¶ 99. It is an eminently reasonable inference that a big company does not simply put out a new marketing campaign on a dime— rather, these mass marketing campaigns very plausibly require extensive planning and effort.

Alternative plausible explanations offered by Cotton On are neither appropriate nor warranted. *Ho v. Garland*, 106 F.4th 47, 54 (D.C. Cir. 2024) ("A 'complaint survives a motion to dismiss' when 'there are two alternative explanations, one advanced by the defendant, and the other advanced by the plaintiff, both of which are plausible.'") (quoting *VoteVets Action Fund v. U.S. Dep't of Veterans Affs.*, 992 F.3d 1097, 1104 (D.C. Cir. 2021)); *Hughes v. Nw. Univ.*, 63 F.4th

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 15

STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

615, 629 (7th Cir. 2023) ("Where alternative inferences are in equipoise—that is, where they are all reasonable based on the facts—the plaintiff is to prevail on a motion to dismiss."); *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) ("Which inference will prove to be correct is not an issue to be determined by a motion to dismiss."); *Shoultz v. Derrick*, 369 F. Supp. 3d 1120, 1127 (D. Or. 2019) ("At the motion to dismiss stage, however, the Court is not tasked with hypothesizing about alternative explanations for Defendants' actions.").

The material in Plaintiffs' Complaint regarding knowledge is not idle speculation or armchair guessing about Cotton On's email marketing practices. Plaintiffs identified the specific email marketing management platform used by Defendant: Salesforce. D.E. 1-3 at ¶ 103. And Plaintiff specifically explains how such technology can identify email recipients' locations. D.E. 1-3 at ¶¶ 99–108. Despite Cotton On's remonstrations to the contrary, that is not conjecture. These are simply well-pled facts that the Court must accept as true at the Rule 12 stage. *Okanogan Highlands All. v. Crown Res. Corp.*, 492 F. Supp. 3d 1149, 1153 (E.D. Wash. 2020). In addition to identifying the exact software Cotton On uses for marketing and discussing what it can do, the Complaint identifies *six* separate ways that Cotton On could be using other technologies to identify where email recipients live. D.E. 1-3 at ¶¶ 99–108. What threshold is Cotton On proposing as "sufficiently pled" for knowledge before discovery has even started? Ten ways? Twenty? Knowledge is more than sufficiently alleged here. *Cf.* Fed. R. Civ. P. 9(b) ("[K]nowledge … may be alleged generally."). Indeed, a recent decision from this Court rejected these arguments as contrary to the governing standard on Rule 12 dismissal. *Kempf*, 2026 WL 395677, at *3 ("FullBeauty cites no authority that would permit the Court to disregard the allegations of the operative pleading, to draw inferences against Kempf, or to consider contradictory facts or technological information outside the Amended Complaint.").

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 16

The Complaint demonstrates a repeated pattern of Defendant spamming consumers with emails containing subject lines with substantially the same false-time messaging. At this stage, it is an eminently "reasonable inference" that Cotton On acted with intention and knowledge. *Natera* 580 F. Supp. 3d at 702. Plaintiffs need not prove their case on knowledge before discovery.

## IV.     Defendant's Remaining Arguments Lack Merit.

Cotton On next argues the Court should dismiss Plaintiff's CPA claim. D.E. 19 at 17. A violation of CEMA is necessarily a violation of the CPA. Wash. Rev. Code Ann. § 19.190.030; *see also Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1003 (W.D. Wash. 2019); *Heckel*, 24 P.3d at 407 ("RCW 19.190.030 makes a violation of the Act a per se violation of the Consumer Protection Act (CPA), chapter 19.86 RCW."). The CPA claim is properly pled and survives.

## CONCLUSION

The Motion to Dismiss should be denied.

RESPECTFULLY SUBMITTED AND DATED this 23rd day of February, 2026.

/s/ Michael C. Tackeff
J. Gerard Stranch, IV*
Michael C. Tackeff, *pro hac vice*
Andrew K. Murray*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 254-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

/s/ Samuel J. Strauss
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli*
**STRAUSS BORRELLI, PLLC**
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 17

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

I certify that this memorandum contains no more than 5,322 words, in compliance with the Local Civil Rules.

*/s/ Michael C. Tackeff*

*Attorneys for Plaintiffs*

*Applications for admission *pro hac vice* forthcoming

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 18

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419

**CERTIFICATE OF SERVICE**

I, Michael C. Tackeff, hereby certify that, on this date, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 23rd day of February, 2026.

_/s/ Michael C. Tackeff_____
Michael C. Tackeff

RESPONSE TO MOTION TO DISMISS
(2:25-cv-02459-LK) – 19

**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Avenue, Suite 200
Nashville, TN 37203
TEL. (615) 254-8801
FAX (615) 254-5419