UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HANNAH RYU et al., Plaintiffs, v. COTTON ON USA LLC, Defendant. | CASE NO. 2:25-cv-02459-LK ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. For the reasons stated below, the Court orders Defendant Cotton On USA LLC ("Cotton On") to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction.

## I. BACKGROUND

This case is a proposed class action against Cotton On for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190, and Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86. Dkt. No. 1-3 at 2–3, 19–21. Plaintiffs Hannah Ryu and Ella Boers complain that Cotton On sent emails with "false time scarcity claims," "luring in consumers through urgent

subject headings in emails that do not reflect the true availability of the deal itself[.]" *Id.* at 6–8. According to Ryu and Boers, "Cotton On sends consumers emails to advertise an offer, promotion, or sale," "[t]hen, it uses the subject lines of additional emails to pressure consumers to make purchases by presenting promotions as scarce or time-limited opportunities," but "[o]nce the advertised deadline has passed, Cotton On extends the promotion to a new end date." *Id.* at 8. Ryu and Boers each received at least one of these emails, *id.* at 16, and they seek to represent a class of "[a]ll Washington citizens holding an email address to which Defendant sent or caused to be sent any [relevant] email . . . during the Class Period," *id.* at 17. They seek "the greater of Plaintiffs' actual damages or liquidated damages of $500 per violation" (statutory damages), treble damages under the CPA, and a permanent injunction. *Id.* at 20–21.

Ryu and Boers filed this suit in King County Superior Court. *Id.* at 2. Cotton On timely removed the case to this Court, Dkt. No. 1 at 1–2, 6, asserting diversity jurisdiction under the Class Action Fairness Act ("CAFA"), *id.* at 2–6.

## II. DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation modified). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Moreover, as the party invoking federal jurisdiction, Cotton On bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defenders of Wildlife*,

504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (citation modified). Furthermore, "standing is not dispensed in gross;" rather, standing must be established "for each claim that [plaintiffs] press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

As discussed above, Ryu and Boers seek statutory damages for each message sent in violation of CEMA. Dkt. No. 1-3 at 21. The Washington Supreme Court recently held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 567 P.3d 38, 45 (Wash. 2025). However, the legislature's creation of a statutory prohibition or obligation and a cause of action "does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III[.]" *TransUnion*, 594 U.S. at 426.

While CEMA does not require that Ryu and Boers independently establish an injury in fact under Washington law, *see Brown*, 567 P.3d at 45, the Court "cannot treat an injury as 'concrete'

for Article III purposes based only on [the legislature's] say-so," because "under Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 426–27 (citation modified). For standing purposes, therefore, an important difference exists between a plaintiff's *statutory* cause of action to sue a defendant over the defendant's violation of state law, and a plaintiff suffering *concrete harm* because of the defendant's violation of state law. *Id.* The Ninth Circuit has interpreted *TransUnion* to "require[] a court to assess whether an individual plaintiff" claiming harm based on an intangible injury "has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

Despite alleging in its Notice of Removal that this Court has jurisdiction over this case, Dkt. No. 1 at 1, Cotton On argues in support of dismissal that Ryu and Boars "suffer[ed] no actual injury." Dkt. No. 19 at 4; *see also id.* at 11 ("Plaintiffs improperly seek to obtain extensive statutory damages that are concededly untethered to *any* actual harm. Indeed, Plaintiffs could not have suffered any injury[.]"). As Cotton On describes it, "Plaintiffs do not allege that the subject line of any email received actually affected their behavior: Plaintiffs do not allege that they made any purchases based on the promotions, that they were distressed by the subject lines of emails, or that they even read the marketing emails." *Id.* at 6. "All Plaintiffs allege is that they received marketing emails and that they now believe that the long-expired promotions may have been misleading. That is not enough." *Id.* at 11. These representations—made subject to Federal Rule of Civil Procedure 11(b)—appear to demonstrate that removal was improper.[1]

[1] Defendant has since filed a Motion to Stay Proceedings Pending Ninth Circuit Montes Decisions, arguing that the "Ninth Circuit will decide whether receipt of commercial emails purportedly violating CEMA constitutes a concrete injury sufficient to confer Article III standing." Dkt. No. 28 at 6. Given Cotton On's representations to the Court that that Ryu and Boars suffered no injury at all, the Court does not see the need to await the decision on whether CEMA *can* confer Article III injury.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS Cotton On to SHOW CAUSE why this case should not be remanded to King County Superior Court. Its brief of up to 2,800 words is due on August 24, 2026.

Dated this 10th day of August, 2026.

Lauren King
United States District Judge